CAMP <em>et al.</em> v. VAUGHAN, administrator.

TURNER, J. The officers of the army of the United States, during the late war between the United States and the Confederate States, received and appropriated to the use of the army certain supplies, quartermaster and commissary stores, belonging to Jonathan D. Vaughan, of Paulding county. After the war, Vaughan filed with the United States commissioner of claims, under the act of Congress approved March 3, 1871, a claim for compensation for these supplies, setting them out in an itemized statement, and averring his loyalty to the United States during the war. Subsequently his petition, under another act of Congress known as the Bowman act, was referred to the court of claims of the United States, and that court found and reported to Congress that there was due and unpaid on this claim the sum of $1,715, and also that the claimant had been a loyal citizen of the United States. On May 27, 1902, Congress passed " an act for the allowance of certain claims for stores and supplies reported by the court of claims under the provisions" of the act just mentioned, and appropriated to J. T. Vaughan, "administrator of the estate of Jonathan D. Vaughan, deceased," said sum of $1,715. Jonathan D. Vaughan made his last will and testament on the 7th of August, 1879, and died in January, 1881. His will was duly probated in the court of ordinary of Paulding county at the February term, 1881, and his widow qualified as executrix under the will. The will, after providing for the payment of his debts and certain nominal legacies, bequeathed the remainder of his estate to his widow and to James T. Vaughan and Ada Vaughan. His widow having, presumably, died, J. T. Vaughan was appointed administrator of the estate, and to him, as such administrator, the appropriation was made, as before stated. *Held,* that this fund passed under the will to the residuary legatees therein named, and was not a mere gratuity which descended to the heirs at law of Jonathan D. Vaughan under the statute of distributions. Comegys *v.* Vasse, 1 Pet. 193 ; Erwin *v.* United States, 97 U. S. 392 ; Phelps *v.* McDonald, 99 U. S. 298 ; Williams *v.* Heard, 140 U. S. 529 ; Pierce *v.* Stidworthy, 79 Me. 234, 239 ; 1 Underhill on Wills, § 51, and authorities cited.

The present case is clearly distinguishable, upon its facts, from that of *Ware v. Trustees of Emory College*, 65 *Ga.* 283, wherein it appeared that after the death of a testator, "a grant of land was made by the government of the United States to the heirs and legal representatives of said testator," and this court accordingly held that "the heirs and legal representatives took under the grant and not under the will," the testator never having had any interest in the lands, and the grant being in the nature of a mere donation made directly to others after his death.

*Judgment affirmed.    All the Justices concur.*

Argued November 19, — Decided December 8, 1903.

Citation and appeal.    Before Judge Bartlett.    Haralson superior court.    February term, 1903.

*J. J. Northcutt,* for plaintiffs.

*M. V. Sanford, W. E. Spinks,* and *R. R. Arnold,* for defendant.